**In the Interest of M.Y., M.Y. and C.Y., Respondents,**

v.

**E.Y., Appellant.**

No. 51269.

Missouri Court of Appeals, Eastern District, Southern Division.

Dec. 30, 1986.

Motion for Rehearing and/or Transfer Denied Feb. 3, 1987.

Application to Transfer Denied March 17, 1987.

Richard Goldstein, Cape Girardeau, for appellant.

Kevin B. Spaeth, Cape Girardeau, for respondents.

SNYDER, Chief Judge.

E.Y., the natural mother of three minor children M.Y., M.Y. and C.Y. appeals from a judgment of the Circuit Court of Cape Girardeau County terminating the mother's parental rights in the three children. The trial court also terminated the natural father's parental rights, but no appeal was taken from that portion of the judgment. The judgment is affirmed.

In her sole point relied on the mother posits error in the termination of her parental rights, contending that the state failed to show by clear, cogent and convincing evidence that she had subjected her children to substantial risk of serious harm because of her habitual use of intoxicating liquor.

Appellant's point in its essence is that the judgment is against the weight of the evidence. This court may set aside a decree or judgment because it is against the weight of the evidence only with caution and with a firm belief that the decree or judgment is wrong. *Murphy v. Carron*, 536 S.W.2d 30, 32 [1–3] (Mo. banc 1976). After a thorough review of the record on appeal, this court does not have the requisite firm belief that the trial court's judgment is wrong.

As the trial judge found in his order, the mother had been an alcohol abuser for a period of some 14 years, from the time she was 18 years of age until the present. She was 32 years of age at the time of the hearings. The abuse was on a regular basis. The trial court found that the children had been subjected to a substantial risk of serious physical, mental or emotional harm because of the mother's alcoholic problem. Section 211.447.2(2)(h) RSMo. 1978 (as amended by law in 1982 and again in 1985). Section 211.447.2(2)(h) RSMo. 1978 (Cum.Supp.1984) applies because the 1985 amendments did not become effective until September 28, 1985, and the termination petition was filed September 23, 1985. Section 211.487.2 (RSMo.1978) (Supp.1985).

The children had been in and out of foster home care for many years, having spent approximately one-third of their lives in foster care. Two of the children, twins, were eight years old and the other child seven years old at the time of the hearing. The children missed an inordinate amount of time from school. They were not dressed properly. Their personal hygiene was neglected. During the periods when they were with their mother the home was in bad physical condition and dirty. It would serve no purpose to recite additional evidence.

Termination of parental rights is one of the most difficult decisions the court must make. The law requires clear, cogent and convincing evidence of a condition jus-

tifying termination. *D.G.N. v. S.M.*, 691 S.W.2d 909, 911 (Mo. banc 1985).

In this case an experienced and capable trial judge heard the evidence and concluded that the termination must be ordered. Although there was evidence that the mother loved the children and at times treated them well, there was clear, cogent and convincing evidence that they were harmed by her alcohol abuse over a long period of years and that termination of her rights and the prospective adoption of the children in a suitable family or families would provide stability to their lives and give them an opportunity to live up to their potentials, an opportunity that would not be open to them absent an immediate and complete change in the mother's living habits, a change which the evidence disclosed would require extensive treatment, would not take place in less than a year, and might not take place at all.

The judgment is affirmed.

REINHARD and CRIST, JJ., concur.